UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.    Case Nos.:  3:18cr13/RV/HTC
              3:19cv3458/RV/HTC

JONATHAN DAVID GARDIPEE

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Jonathan David Gardipee's *pro se* Motion to Vacate Judgment Under 28 U.S.C. § 2255.  ECF Doc. 41.  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the motion, the record, the relevant law, and the Government's response and supplemental authority (ECF Docs. 45-49), [1] the undersigned recommends the motion be DENIED without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.  Gardipee's sole ground for relief - that he is entitled to relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) - is procedurally barred.

---

[1] Despite being provided an opportunity to file a reply, Gardipee did not do so.  ECF Doc. 43.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On February 27, 2018, a grand jury charged Gardipee in a three-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"), possession of a machine gun in violation of 18 U.S.C. § 922(o) and 924(a)(2) ("Count Two"), and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 ("Count Three"). ECF Doc. 1.   The indictment identified thirteen (13) prior felony convictions as the basis for Count One, including a 1998 conviction for two counts of possession of a firearm by a convicted felon.  *Id.* at 1-2.

The Revised Final Presentence Investigation Report ("PSR") reflects that during September of 2017, ATF developed an informant who made controlled buys of firearms and drugs from two individuals, Charles Comer and Jason Potter, who were later charged with and convicted of various offenses involving the possession and sale of firearms and drugs.   ECF Doc. 40, PSR ¶ 13.   As part of the investigation, ATF executed a search warrant at Comer's residence, which Comer shared with Gardipee and others.  PSR ¶ 14.   The search encompassed the bedroom occupied by Gardipee, where ATF agents discovered five (5) firearms.

PSR ¶ 14.  Evidence revealed Gardipee owned and possessed these firearms and Comer was not charged with their possession.  PSR ¶ 15.

On May 30, 2018, Gardipee pled guilty to all three offenses.  ECF Docs. 25-27.  The Factual Basis for Guilty Plea set forth the element of Count One, in accordance with Eleventh Circuit Pattern Jury Instruction 34.6 as follows:

> First – The Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and
>
> Second – Before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year.

ECF Doc. 26 at 3.  Gardipee's knowledge of his status as a person prohibited from possessing a firearm was not specifically set forth in the indictment or as an essential element of the offense.

The PSR assessed Gardipee a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B).  ECF Doc. 40, PSR ¶ 34.  His adjusted offense level, however, was 26, after the addition of two points under § 2K2.1(b)(1)(A) because the offense involved three or more firearms and an additional four points § 2K2.1(b)(4)(B) because the firearm had an altered or obliterated serial number.  PSR ¶s 35, 36.  After a three-level adjustment for acceptance of responsibility, Gardipee's total offense level was 23.  PSR ¶s 42-44.  At that offense level, the guidelines range

for Gardipee, with a criminal history category of IV, was 70 to 87 months.   PSR ¶ 123.

On August 21, 2018, the District Court sentenced Gardipee at the low end of the applicable range to a term of 70 months' imprisonment on each count, with the terms to run concurrently, followed by three years of supervised release.   ECF Doc. 38.   Gardipee did not appeal.

## II.   GARDIPEE'S PETITION

Gardipee filed the instant motion on August 30, 2019,[2] seeking relief under *Rehaif*.   In *Rehaif*, the Supreme Court held the word "knowingly" in 18 U.S.C. § 924(a)(2) modifies both the status and possession elements of the felon in possession offense.   Otherwise stated, to secure a conviction under § 924(a)(2) the Government must prove the defendant knowingly possessed the firearm *and* knew he or she was in a class of persons barred from possessing a firearm.   *Rehaif*, 139 S. Ct. at 2195-96.   The Supreme Court decided *Rehaif* after Gardipee was sentenced and after the time for Gardipee to file a direct appeal had expired.

---

[2] August 30, 2019 is the date Gardipee delivered the motion to prison mail officials.   *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).   There is no dispute the motion is timely filed as it was filed within one year of September 4, 2018, when the judgment became final.   ECF Doc. 45 at 4, 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

Case Nos.: 3:18cr13/RV/HTC; 3:19cv3458/RV/HTC

Relying on *Rehaif,* Gardipee now claims he "lacked the necessary knowledge and is therefore actually innocent of the crimes to which he pleaded guilty." ECF Doc. 41 at 4.

As an initial matter, the government concedes *Rehaif* applies retroactively to initial § 2255 petitions.[4] *Id.* at 3. The government argues, however, that Gardipee is not entitled to relief because it is procedurally barred. The undersigned agrees.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004). Therefore, Gardipee's *Rehaif* claim is procedurally barred unless he can demonstrate either cause for not raising the ground on direct appeal and prejudice resulting from the omission, or, alternatively, that he is actually innocent. *Bousley v. United States*, 523 U.S. 614,

---

[4] *See contra, In re Price*, 964 F. 3d 1045, 1048 (11th Cir. 2020) (holding that "*Rehaif* did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court") (citing *In re Palacios*, 931 F. 3d 1314, 1315 (11th Cir. 2019)); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) (holding that "*Rehaif v United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2)"); *Young v. United States*, No. 20-10334-G, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020) (affirming the district court's determination that an initial 2255 motion was untimely because, among other reasons, "*Rehaif* does not constitute a new right made retroactively applicable").

Page **6** of **14**

622 (1998) (internal quotations omitted); *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011); *Lynn*, 365 F.3d at 1232; *McCoy v. United States*, 266 F. 3d 1245, 1258 (11th Cir. 2001); *United States v. Nyhuis*, 211 F. 3d 1340, 1344 (11th Cir. 2000).

To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235 and n. 20 (citations omitted). To establish prejudice, Gardipee "must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell,* 535 F.3d 880, 892 (11th Cir. 2003). He cannot demonstrate either.

Although failure to raise a "claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default," the argument ultimately successful in *Rehaif* was not a novel legal theory. *McCoy*, 266 F. 3d at 1258 (citations and internal quotations omitted). Although *Rehaif* had not been decided at the time Gardipee was sentenced, this does not mean that Gardipee could not have raised the arguments at issue in *Rehaif* on direct appeal. In other

words, the fact that *Rehaif* was not decided until 2019 does not establish "cause" for his failure to raise the argument that the Government was required to establish he knew of his status as a prohibited person at the time he possessed the firearms in this case.

By the time of Gardipee's May 30, 2018 plea, "the Federal Reporters were replete with cases" challenging whether the Government had to satisfy a mens rea requirement as to the status element of 18 U.S.C. § 922(g) and holding that it did not. *See Bousley,* 523 U.S. at 622; *United States v. Rehaif,* 888 F. 3d 1138, 1144-45 & n. 3 (11th Cir. Mar. 26, 2018) (citing cases), *reversed Rehaif v. United States*, 139 S. Ct. 2191 (2019). Indeed, the position taken by the Supreme Court in *Rehaif* had already won endorsement, or at least acknowledgment, in four separate circuits even before defendant Rehaif adopted the position. *See United States v. Games-Perez*, 695 F. 3d 1104, 1124 (10th Cir. 2012); *United States v. Reyes*, 194 F. App'x 69, 70 (2d Cir. 2006); *United States v. Gardner*, 488 F. 3d 700, 715 n. 2 (6th Cir. 2007); *United States v. Langley*, 62 F. 3d 602 (4th Cir. 1995).

The fact that no court had yet adopted what ultimately became the holding in *Rehaif* or that Gardipee might not have been successful if he had raised the claim on appeal is not dispositive. The question is whether Gardipee had the means to *assert*

the claim, not the means to *prevail* on it; perceived futility does not constitute cause to excuse a procedural default. *Bousley*, 523 U.S. at 622-23; *McCoy*, 266 F. 3d at 1258-59; *see also McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,* 851 F. 3d 1076, 1087 (11th Cir. 2017).

Gardipee has also not shown prejudice or, for the same reasons, actual innocence. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623, *McKay*, 657 F. 3d at 1197. It is the defendant's burden, and the government has wide latitude to present any admissible evidence to rebut a defendant's claim of actual innocence. *Bousley*, 523 U.S. at 634-24; *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

In this case, the PSR, Plea Agreement, Indictment, and Factual Basis rebut Gardipee's claims of actual innocence and prejudice. First, the PSR reflects Gardipee was convicted of over well over two dozen felony offenses, including a conviction for two counts of being a felon in possession of a firearm. ECF Doc. 40, PSR ¶ 59. According to the PSR, when Gardipee was arrested for those charges, he acknowledged to law enforcement that he was not allowed to possess firearms. *See id.* He also served two, separate lengthy prison terms. PSR ¶s 54-63; PSR ¶s 64-66. Gardipee did not object to these facts. *See United States v.*

*Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.")

Second, the Indictment identifies Gardipee's prior felony convictions, ECF Doc. 1, and in the signed plea agreement Gardipee specifically agreed he was pleading guilty because he was "in fact guilty of the charges alleged in each count of the Indictment" and were the case to go to trial, "the government would present evidence to support the charges beyond a reasonable doubt." ECF Doc. 25 at 3.

Third, in the Factual Basis for Guilty Plea, which Gardipee also signed, Gardipee admitted that prior to September 28, 2017, he had been convicted of at least one felony offense and that on or about September 28, 2017, he knowingly possessed a firearm. ECF Doc. 26 at 1.

Thus, "had the government been required to prove that [Gardipee] knew he was a felon at the time he possessed a firearm, there is overwhelming evidence to show that it would have easily done so." *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020). Gardipee's claim otherwise is made in vain. Because Gardipee cannot show he is actually innocent or that the result of these proceedings would have been different had the government been required to prove Gardipee knew he was a convicted felon, Gardipee is not entitled to relief under *Rehaif*. See

*Dawkins v. United States,* No. 20-12840-D, 2020 WL 8270518, at *2 (11th Cir. Dec. 1, 2020) (affirming district court's determination that *Rehaif* clam was procedurally barred because "Dawkins cannot demonstrate actual innocence, as he admitted that he possessed a firearm that affected interstate commerce after having been twice convicted of a felony"); *United States v. Reed*, 941 F. 3d. 1018 1022 (11th Cir. 2019) (where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a Rehaif error does not affect his substantial rights).

Finally, to the extent Gardipee argues counsel was ineffective for failing to require the government to establish as a separate element of the felon in possession offense that he knew he was a convicted felon or for failing to raise this issue on direct appeal, such claims are also without merit. To establish ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As set forth above, Gardipee cannot show prejudice. He also cannot establish that counsel's performance was deficient.

At the time Gardipee was charged and pled, the law was understood to allow the conviction of a defendant for a § 922(g) offense based solely on his knowledge

that he possessed a firearm. *Dawkins*, 2020 WL 8270518, *1 (citing *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020)). "Although *Rehaif* later clarified that a defendant must have knowledge of both his possession of the firearm and his felon status, [Gardipee]'s counsel was not required to object to the indictment or the district court's provision of the elements based on predictions of how the law may develop." *Dawkins*, 2020 WL 8270518, at *1 (*citing Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). Neither trial nor appellate counsel are constitutionally ineffective for failing to anticipate a change in the law. *See Rambaran v. Sec'y, Dep't of Corr.,* 821 F.3d 1325, 1334 (11th Cir. 2016); *United States v. Ardley*, 273 F.3d 991, 993) (11th Cir. 2001) (Carnes, J., concurring) (there is a "wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.") (collecting cases); *Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) (per curiam) ("It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel.") (collecting cases).

### III.   CONCLUSION

An evidentiary hearing is not necessary to resolve Gardipee's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."   See 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).   Gardipee's claim based on *Rehaif* is procedurally barred as it could have been raised on direct appeal.   He cannot overcome the procedural bar by showing either cause and prejudice or actual innocence.   Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

### IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the District Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.  The Motion to Vacate, Set Aside or Correct Sentence (ECF Doc. 41) be DENIED.

2.  A certificate of appealability be DENIED.

At Pensacola, Florida, this 7th day of July, 2021.

*s/ Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

Case Nos.: 3:18cr13/RV/HTC; 3:19cv3458/RV/HTC

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**